UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sara Mohadeb,<br>individually and on behalf of all others similarly situated,<br>                      Plaintiff(s)<br>  -v.-<br>Rubin & Rothman, LLC,<br><br>                      Defendant(s). | Case No: 1:22-cv-2243<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sara Mohadeb ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Rubin & Rothman, LLC ("Defendant Rubin"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id. The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

protection laws were inadequate. Id. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers located in under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Rubin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process at its principal place of business, 1787 Veterans Highway, Islandia, New York 11722.

9. Upon information and belief, Defendant Rubin is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. Among other services, Defendant Rubin is in the business of providing collection services on behalf of its customers, and that it uses the mail and telephone in doing so.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of all individuals:

    a. with addresses in for the State of New York;

    b. to whom Defendant Rubin sent a collection letter;

    c. attempting to collect a consumer debt;

    d. that improperly calculated the total amount due;

    e. which letters were sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to April 22, 2021, Plaintiff allegedly incurred an obligation to non-party Capital One Bank (USA), N.A. ("Capital One") ("BoA").

22. The obligation arose out of a transaction in which money, property, insurance, or services of the subject transactions were incurred for personal purposes.

23. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Capital One is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. The debt was placed with Defendant Rubin for collection by its customer, Capital One, for collection thereon.

26. The debt was allegedly overdue at the time it was placed with Defendant Rubin by Capital One.

27. Defendant Rubin collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation – April 22, 2021 Collection Letter*

28. On or about April 22, 2021, Defendant Rubin sent Plaintiff a collection letter ("the Letter"), a copy of which is attached as Exhibit A.

29. The Letter states that the "AMOUNT OF DEBT" is $40,740.10.

30. In the body of the Letter, it states:

> Unless you dispute the validity of the debt, or any portion thereof, within 30 days after your receipt of this letter, we will assume the debt to be valid. If you notify us in writing within the 30 day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and mail a copy of such verification or judgment to you. Upon your written request within the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

31. On the second page of the Letter, it states:

> The total amount of the debt due as of charge-off . . . . . . $40,740.51
>
> The total amount of interest accrued since charge-off . .          .00
>
> The total amount of non-interest charges or fees
>     accrued since charge-off . . . . . . . . . . . . . . . . . . . . . .          .00
>
> The total payments and/or credits made on the debt since
>     the charge-off . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          .41

      BALANCE    $40,740.10

32. Upon information and belief, Plaintiff never issued a payment, specifically post charge-off, in the amount of $0.41.

33. Accordingly, the Letter is deceptive as it fails to clearly inform the consumer as to the amount owed.

34. Because of the nonsensical nature of an alleged payment or credit in the amount of $0.41, the Letter caused Plaintiff to question the legitimacy and accuracy of Defendant Rubin's communication.

35. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) <u>the amount of the debt</u>;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

36. These required disclosures set forth in §1692g(a) are more commonly known as the "G Notice".

37. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

38. Defendant's Letter violates §1692g(a)(1) as it fails to clearly identify the amount of the debt owed by Plaintiff.

39. It is deceptive and misleading to state a confusing balance to the consumer who has no way of knowing the accurate amount due.

40. Upon receipt of this notice, Plaintiff was confused as to the amount that he owed as the calculation of the total amount due included inaccurate, nonsensical information, calling the entirety of Defendant's debt collection efforts into question.

41. Plaintiff incurred an information injury as he could not ascertain from the deceptive, inaccurate, and misleading Letter the amount he presently owed on the debt.

42. Further, the Letter is a false representation of the amount of the debt.

43. Plaintiff was therefore unable to make any payments on the alleged debt.

44. The funds Plaintiff could have used to pay the alleged debt, in whole or part, were therefore spent elsewhere.

45. Because of Defendant's improper acts, Plaintiff expended time, money, and effort in determining the proper course of action.

46. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

47. Defendant Rubin's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

48. Defendant Rubin's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant Rubin's collection efforts because Plaintiff could not adequately respond to Defendant Rubin's demand for payment of this debt.

49. Defendant Rubin's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant Rubin's debt collection.

50. Plaintiff was confused and misled to her detriment by the statements in the Letter and relied on the contents of the Letter to her detriment.

51. In additional, Plaintiff incurred an informational injury as Defendant Rubin misstated and mischaracterized the amount and makeup of the debt.

52. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

53. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

54. Plaintiff has a right to receive proper notice of the alleged debt, and in the context of the collection letters, a right to receive proper notice of the nature and character of her debt.

55. Defendant Rubin failed to effectively inform Plaintiff of the right to collect a debt in the amounts stated, in violation of statutory law, and Defendant Rubin has therefore harmed Plaintiff.

56. Defendant Rubin's violations were knowing, willful, negligent, and/or intentional, and Defendant Rubin did not maintain procedures reasonably adapted to avoid any such violations.

57. As a result of Defendant Rubin's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats the above allegations as if set forth here.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. In addition, this section enumerate specific violations such as:

> The false representation of … the character, amount, or legal status of any debt.
> …
> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A) and 1692e (10).

62. Defendant Rubin violated said section by providing false information identifying the nature, character, or legal status of the alleged debt.

63. Defendant's violation further included false representations in the deceptive stating of the debt, and how the same was calculated.

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

67. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

68. Defendant violated § 1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant Rubin to falsely and deceptively present a calculation of the debt to the detriment of Plaintiff, creating an element of ambiguity as to the nature of his alleged liability on the subject debt.

69. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

72. Pursuant to 15 U.S.C. § 1692g, within five days of an initial communication, a debt collector must send written notice of the amount of the debt.

73. Defendant violated this section by failing to provide the correct amount for the debt in violation of § 1692g (a)(1).

74. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sara Mohadeb, individually and on behalf of all others similarly situated, demands judgment from Defendant Rubin & Rothman, LLC, as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer D. Merritt, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  e)  Awarding pre-judgment interest and post-judgment interest; and

  f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 20, 2022         Respectfully Submitted,

                **Stein Saks, PLLC**
                By: s/ Christofer D. Merritt
                Christofer D. Merritt, Esq.
                One University Plaza, Suite 620
                Hackensack, NJ, 07601
                P. (201) 282-6500
                F. (201) 282-6501
                cmerritt@SteinSaksLegal.com

                *Attorneys for Plaintiff*